United States District Court
Southern District of Texas
**ENTERED**
November 06, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Thelonious Paul Henry, § | |
| Petitioner, § | |
| § | |
| § | |
| v. § | Civil Action H-18-0703 |
| § | |
| Lorie Davis, § | |
| Director, Texas Department § | |
| of Criminal Justice, Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

## Memorandum and Recommendation

Thelonious Henry has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary case. (D.E. 1.) Lorie Davis has moved for Summary Judgment. (D.E. 15.) Because Henry was not deprived of any constitutionally protected liberty interest, the court recommends that Davis's Motion for Summary Judgment be granted and Henry's Petition be denied with prejudice.

1. Background

Henry is serving two sentences in the Texas Department of Criminal Justice (TDCJ)—forty-five years for robbery and sixty years for aggravated assault with a deadly weapon. Henry has been in custody since 1989. In October of 2017 Henry was accused of making a sexually suggestive statement to a prison guard. He was charged in a disciplinary proceeding with the offense of attempting to establish an inappropriate relationship with a staff member.

Henry was found guilty after a disciplinary hearing. He was punished with (1) forty-five days of lost recreation privileges; (2) forty-five days of commissary restriction; (3) forty-five days of lost telephone privileges; (4) forty-five days of cell

restriction; (5) reduction in line class from L1 to L3; and (6) five days of good time lost. He followed the two-step grievance process, but his grievance was denied.

In his federal habeas petition and the accompanying affidavit, Henry asserts that his due process rights were violated in several ways. The court construes his allegations to be that (1) the accusing officer filed a false offense report under the instruction of the investigating sergeant; (2) the sergeant denied Henry the opportunity to make a statement during the preliminary investigation; (3) Henry's three counsel substitutes did not work in his best interest; (4) the hearing officer threatened to "max out" Henry if he called the accusing officer as a witness; (5) the disciplinary hearing was improperly delayed; (6) the hearing officer was biased and refused to let Henry present any witnesses or evidence; (7) the hearing officer turned off the tape recorder during the hearing and made improper statements off the record; (8) the hearing officer allowed the investigating sergeant to make false statements during the hearing; (9) the hearing officer failed to provide Henry a written statement of the result of the hearing; and (10) the disciplinary hearing officer violated the Double Jeopardy Clause by using a prior disciplinary case against Henry.

2. Analysis

Federal habeas relief is not available "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (internal quotations omitted). In the context of a Texas inmate's challenge to a prison disciplinary proceeding, the focus is on whether the punishment imposed deprived the petitioner of a constitutional right. Thus the petitioner must show 1) that he has been punished by the loss of good time credits, and 2) he is eligible for release on mandatory supervision. *Buchanan v. Director, TDCJ-CID*, No. 6:17cv505, 2017 WL 6512357 at *1 (E.D. Tex. Dec. 19, 2017). "[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Moreover, even when an inmate loses good conduct time, if he is not eligible for mandatory release, there can be no constitutional violation. This is because it is entirely speculative whether an inmate will be paroled. "[T]here is no constitutional expectancy of parole in Texas." *Id.*

In light of these principles it is clear that Henry has not been deprived of any constitutional right. As punishment he lost recreation, telephone, and commissary privileges, and he was restricted to his cell. Because these punishments constitute mere changes in Henry's conditions of confinement, not the length of his confinement, they do not implicate due process concerns. *Reese v. Davis*, 2018 WL 4599553 at *3 (No. 3:17cv0389, S.D. Tex. Sept. 25, 2018) (recognizing that loss of privileges in prison does not implicate a protected liberty interest).

The same is true of Henry's reduction in line class. Even inmates eligible for mandatory supervision may not ultimately earn the full measure of good time credit available at a higher time-earning status, and thus there is no constitutionally protected right to be in any particular time-earning class. *Malchi*, 211 F.3d at 959.

Henry was also punished with the loss of five days of good conduct time. Inmates deprived of good time credit are generally entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause" to ensure that their rights are "not arbitrarily abrogated." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). In Texas, however, the inmate must be entitled to mandatory supervision before the Due Process Clause is triggered. *See Madison*, 104 F.3d at 768–69 (holding that a prisoner's eligibility for mandatory supervised release must first be established before the court can determine whether the prisoner is entitled to due process protection over his lost good time); *cf. Hinojosa v. Thaler*, 427 F. App'x 354, 355 (5th Cir. 2011) (holding that if the petitioner "is entitled to mandatory supervision under Texas law, due process protections may apply to the loss of his good time credits"); *Campos v. Johnson*, 958 F. Supp. 1180, 1190 (W.D. Tex. 1997) ("[A] Texas prisoner's loss of good time credits does not involve any constitutionally-protected interest unless the prisoner is eligible for release on mandatory supervision.").

Henry is not eligible for mandatory supervision. Under Texas law, "[e]ligibility for mandatory supervision is governed by the law effective at the time the holding offense was committed." *Ex parte Keller*, 173 S.W.3d 492, 495 (Tex. Crim. App. 2005). Texas law in effect when Henry committed his underlying offenses, robbery (1989) and second-degree aggravated assault (2005), make Henry ineligible for mandatory supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.18 § 8(c)(10) (Vernon Supp. 1989) ("A prisoner may not be released to mandatory

3

supervision if the person is serving a sentence for . . . a second degree felony under Section 29.02, Penal Code (robbery)."); *see also* Tex. Gov't Code § 508.149(a)(7)(West 2005) ("An inmate may not be released to mandatory supervision if the inmate is serving a sentence for or have been previously convicted of . . . a first or second degree felony under Section 22.02, Penal Code [aggravated assault]."). Henry has no due process liberty interests in the five days of lost good time.

3. Conclusion

Henry has not established a constitutional violation. The court therefore recommends that Davis's motion be granted, and Henry's petition be denied with prejudice. Because reasonable jurists would not find the court's assessment of Henry's claims debatable or wrong, the court recommends that a certificate of appealability not be issued.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72.

Signed at Houston, Texas, on *Nov. 6*, 2018.

_____
Peter Bray
United States Magistrate Judge